IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON GARY,
    Plaintiff,

vs.                                    Case No.:  5:13cv413/MMP/EMT

UNITED STATES DEPARTMENT OF AGRICULTURE,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint (doc. 1).  By order of this court dated April 3, 2014, Plaintiff was given fourteen (14) days to notify the court whether he wished to dismiss this case (*see* doc. 11; *see also* doc. 10).  On April 10, 2014, Plaintiff inquired of the clerk of court as to the status of this case, and the clerk responded by re-sending a copy of the April 3 order to Plaintiff (*see* doc. 12).  By April 29, 2014, Plaintiff had not responded to the April 3 order; therefore, the court issued an order requiring Plaintiff to show cause, within thirty (30) days, why this action should not be dismissed for failure to comply with an order of the court (doc. 13).  The time for compliance with the show cause order has now elapsed, and Plaintiff has failed to respond.

    Accordingly, it is respectfully **RECOMMENDED**:

    That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

    At Pensacola, Florida, this 13th day of June 2014.

                            /s/ *Elizabeth M. Timothy*
                            **ELIZABETH M. TIMOTHY**
                            **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**