IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON GARY,

    Plaintiff,

v.                                              CASE NO. 5:13-cv-00413-MP-EMT

UNITED STATES DEPARTMENT OF AGRICULTURE,

    Defendant.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated June 13, 2014.  (Doc. 14).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The time for filing objections has passed, and none have been filed.  However, on June 30, 2014, Plaintiff filed his Second Amended Complaint.  (Doc. 15).  Having considered the Report and Recommendation, the Second Amended Complaint, as well as all other orders of the Court and pleadings filed by Plaintiff in this action, I have determined that the Report and Recommendation should be adopted.

Plaintiff, an inmate in the Florida Department of Corrections ("FDOC"), initiated this case by filing a Complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1).  He named the United States Department of Agriculture ("USDA") as the sole Defendant to the action.  *Id.*  He alleged that on January 15, 2009, while housed at the Polk Correctional Institution, he and several other inmates fell ill with food poisoning when the institution served a certain meat product.  *Id.* at 2.  Plaintiff alleged that the USDA failed to fulfill its duty to inspect the quality of the meat product prior to

its distribution in the United States. *Id.* at 3. The USDA also allegedly failed to ensure that the product was properly labeled. *Id.* As a result, Plaintiff allegedly suffered weight loss, "periodical stomach grips," and a loss of appetite for meat. *Id.* at 2.

Upon reviewing the initial Complaint, the Magistrate Judge ordered Plaintiff to amend his Complaint using a court-approved form for § 1983 cases. (Doc. 3). The Court then granted Plaintiff leave to proceed in this action *in forma pauperis*, pursuant to 28 U.S.C. § 1915(b)(1)(A). (Doc. 5). On February 19, 2014, Plaintiff filed his First Amended Complaint, using the court-approved form. (Doc. 7). The First Amended Complaint contained the same substantive allegations as the original Complaint, and again named the USDA as the sole Defendant. *Id.* at 1, 5–10. Plaintiff also indicated that he sought monetary and punitive damages and any additional relief the Court deemed justified. *Id.* at 10.

On March 13, 2014, the Magistrate Judge entered a screening Order pursuant to 28 U.S.C. § 1915(e)(2), to determine whether the First Amended Complaint was frivolous or malicious, failed to state a claim on which relief may be granted, or sought monetary relief against a defendant who is immune from such relief. (Doc. 9). The Magistrate Judge found that, for the following reasons, Plaintiff's allegations failed to state a plausible claim for relief against the USDA. First, a plausible § 1983 action must complain of conduct committed by a person acting under color of state law. *See Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Since the USDA is a federal agency and not a state actor, Plaintiff may not bring his claim under § 1983. *See McGuire v. Fla. Lottery*, 520 F. App'x 850, 851 (11th Cir. 2013) ("A suit against a state agency is no different than a suit against the state itself, and 'neither a state nor its officials acting in their official capacities are 'persons' under § 1983.'") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Second,

construing the Amended Complaint liberally in light of Plaintiff's *pro se* status, Plaintiff may have intended to bring an action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  However, because the United States has not waived sovereign immunity in *Bivens* actions, Plaintiff may not recover monetary damages against the USDA.  *See Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 688–89 (1949); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982).

Based on these findings, the Magistrate Judge ordered Plaintiff to either file a notice of voluntary dismissal or a Second Amended Complaint, naming as Defendants only those persons who are responsible for those alleged constitutional violations.  (Doc. 9).  On March 31, 2014, Plaintiff filed a motion for voluntary dismissal.  (Doc. 10).  Although Plaintiff indicated that he wished to dismiss this action, he also requested permission from the Court to use Defendant as a "lay witness" in another case.  *Id.*  In response, the Magistrate Judge issued an Order on April 3, 2014, instructing Plaintiff that if he wished to require Defendant to testify in another case, he must file an appropriate motion in that case.  (Doc. 11).  The Magistrate Judge then directed Plaintiff to notify the Court within fourteen (14) days whether he still desired to voluntarily dismiss the case.  The Order warned Plaintiff that a failure to comply with an order of the court would result in a dismissal of this case.  *Id.*

Upon the expiration of the deadline, Plaintiff had failed to either file his Second Amended Complaint or notify the Court of his intention to voluntarily dismiss the case. Accordingly, on April 29, 2014, the Magistrate Judge entered an Order giving Plaintiff thirty

---

[1] *Bivens* recognized a private right of action for money damages against federal actors that engage in alleged violation of the Constitution or the laws of the United States.  *See Bivens*, 403 U.S. at 397.

(30) days to show cause why this case should not be dismissed for failure to comply with an order of the Court. (Doc. 13). The Order again warned Plaintiff that a failure to comply with an order of the court would result in a recommendation of dismissal. *Id.* Plaintiff again failed to respond within the 30-day deadline. On June 13, 2014, the Magistrate Judge issued the pending Report and Recommendation, recommending that this case be dismissed without prejudice for Plaintiff's failure to comply with an order of the court. (Doc. 14). Rather than filing an objection, Plaintiff filed a Second Amended Complaint. (Doc. 15).

Based on this procedural history, the Court agrees with the Magistrate Judge and finds that Plaintiff has repeatedly failed to comply with the Court's orders. As noted above, on April 3, 2014, this Court ordered Plaintiff to file either a second amended complaint or a notice of voluntary dismissal. (Doc. 11). Plaintiff finally filed his Second Amended Complaint eighty-eight (88) days after the Court's Order, mailing it on June 30, 2014. (Doc. 15). Within this time, Plaintiff filed only one document, a Notice of Inquiry, dated April 9, 2014; however, the Notice neither requested an extension of time nor advised the Court of Plaintiff's intentions regarding the prosecution of this case. Instead, the Notice merely raised arguments regarding the availability of lay witness testimony, presumably in reference to his request that the USDA serve as a witness in a different case. (Doc. 12). Thus, Plaintiff failed to comply with the Court's orders within the required time.

For this reason alone, this case should be dismissed without prejudice. However, in the interest of justice and in light of Plaintiff's *pro se* status, the Court has reviewed Plaintiff's Second Amended Complaint to determine whether it satisfies the requirements of 28 U.S.C. § 1915(e)(2)(B). Pursuant to this section, a district court shall dismiss a case at any time if the

court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In this case, Plaintiff's Second Amended Complaint suffers from the same deficiencies as did his First Amended Complaint. The Second Amended Complaint contains the same substantive allegations as the First Amended Complaint, and again names the USDA as the sole Defendant. *See* Doc. 15 at 1–2, 5–7. Plaintiff also appears to continue to seek monetary and punitive damages from the USDA. *Id.* at 7. As the Magistrate Judge previously stated in the Order at doc. 9, the USDA is a federal agency and not a state actor. Since a § 1983 action requires that the conduct complained of be committed by a person acting under color of state law, Plaintiff may not maintain a § 1983 action against the USDA. *See McGuire v. Fla. Lottery*, 520 F. App'x 850, 851 (11th Cir. 2013); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Likewise, if construed as an action brought under 28 U.S.C. § 1331 and *Bivens*, Plaintiff may not recover damages against the USDA as the United States has not waived sovereign immunity in *Bivens* actions. *See Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 688–89 (1949); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982).

In short, the Second Amended Complaint fails to state a claim on which relief may be granted. Pursuant to § 1915(e)(2)(B)(ii), and for the reasons stated in the Magistrate Judge's Report and Recommendation, this case must be dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation (doc. 14) is adopted and

incorporated by reference in this order.

2. This case is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to comply with orders of the court, and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk is directed to close the file.

**DONE AND ORDERED** this   *19th* day of August, 2014

                                *s/Maurice M. Paul*
                                Maurice M. Paul, Senior District Judge